### *John Kane and Oliver Kane* v. *Isaac Scofield.*

THE declaration in this case stated the indorsement of a promissory note to a firm whose surnames only had been used, in the following manner, " to " certain persons using the name, style, and firm of

" *Willoughby and Weston*," and it afterwards stated their indorsement to the plaintiffs, thus : " and the " said persons so using the name, style, and firm of " *Willoughby and Weston*, indorsed the said note, the " proper hand-writing of one of them, in their said " co-partnership, name, style, and firm, being to such " indorsement subscribed." To this the defendant put in a general demurrer.

*Hopkins*, on a notice of motion, for the eleventh, moved to overrule it as frivolous, and claimed, on that account, a priority to other causes entered for argument.

*Caines*, contra, insisted, that the right of bringing on a demurrer in preference to other causes set down for argument, applied only to cases where no opposition was made. *M'Cabe* v. *M'Kay*,* in *August* last. That, at all events, the notice was bad, being for the eleventh instead of the first day of term.

*Ante*, p.366.

*Hopkins*, in reply. The demurrer book was not made up till the first day ;† the caption is of this term.

*Per Curiam.* By the opposition of the case cited, is not intended the mere saying of counsel that they oppose ; it must be such as has at least a colour or semblance of reality. The notice could not be for

---

† The time at which a question on demurrer shall be deemed to arise, shall be the day the joinder was received by the party demurring. 3d Rule, *January*, 1799. *Ante*, p. 10.

Feb. Term,
1805.
the first day.   It appears by the record, that it was not till then that there was a joinder in demurrer.

N. B. *It was ruled in this case, that where the reason of not noticing for the first day of term, appears on the face of the record, no affidavit in excuse need be made.*